UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASIMIRO ESPARZA,<br><br>                    Petitioner,<br><br>          v.<br><br>STU SHERMAN, Warden,<br><br>                    Respondent. | No. 1:17-cv-00651-DAD-SKO HC<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND**<br><br>**(Doc. 1)** |

**Screening Memorandum**

Petitioner Casimiro Esparza is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court has reviewed the habeas petition (Doc. 1) and determined that the petition cannot proceed as filed. Accordingly, the Court will dismiss the petition with leave to amend to permit Petitioner to correct the noted deficiencies.

**I.      Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

1

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II. The Petition Fails to State a Claim

### A. The Petition Is Incomplete and Ambiguous

Using a form petition, Petitioner indicates that he is alleging two grounds for relief. In grounds one and two of the form, Petitioner refers the Court to pages 51 through 68 of the petition for both the grounds and the supporting facts. Petitioner indicates that ground three is "NA," presumably not applicable, and leaves ground four of the form blank.

The pages to which Petitioner refers are a portion of the opinion on direct appeal of the California Court of Appeal for the Fifth Appellate District. The pages include the statement of facts and the state court's analysis of six claims. The Court is unable to determine which two claims Petitioner intends to allege as grounds for relief in his federal habeas action.

In addition to identifying his federal claims, Petitioner must provide the Court with a brief statement of facts and a brief explanation to inform the Court of his basis for seeking relief on the two identified claims. Because the state court opinion sets forth the state court's reasoning in denying Petitioner's claims, Petitioner needs to explain why he seeks relief from the state court's ruling. Simply put, Petitioner needs to tell the Court why he thinks that the state court's decision was wrong. As he prepares the amended petition, Petitioner may wish to keep in mind the federal standard of habeas review.

### B. Standard of Review

A federal petition for writ of habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring). Habeas corpus relief is

intended to address only "extreme malfunctions" in state criminal justice proceedings. *Id.* Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner can prevail only if he can show that the state court's adjudication of his claim, on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams*, 529 U.S. at 413.

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

As a threshold matter, a federal court must first determine what constitutes "clearly established Federal law, as determined by the Supreme Court of the United States." *Lockyer*, 538 U.S. at 71. To do so, the Court must look to the holdings, as opposed to the dicta, of the Supreme Court's decisions at the time of the relevant state-court decision. *Id.* The court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Id.* at 72. The state court need not have cited clearly established Supreme Court precedent; it is sufficient that neither the reasoning nor the result of the state court contradicts it. *Early v. Packer*, 537 U.S. 3, 8 (2002). The federal court must apply the presumption that state courts know and follow the law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). The petitioner has the burden of establishing that the decision of the state court is contrary to, or involved an unreasonable application of, United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

///

"A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, the AEDPA standard for habeas relief is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable. *Harrington*, 562 U.S. at 102.

### III. Conclusion and Order

The Court hereby ORDERS:

1. The petition for writ of habeas corpus is hereby DISMISSED with leave to amend.

2. The Clerk of Court shall send Petitioner a copy of this order and a form for a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

3. Within 30 days of this order, Petitioner shall file an amended petition correcting the deficiencies noted in this order. Petitioner shall sign the petition under penalty of perjury where indicated. The amended petition must be complete in itself. This means that the amended petition may not refer back to any portion of the original petition filed in this case but must include all pleadings and any appendices which Petitioner intends to incorporate within the amended petition.

4. If Petitioner fails to file an amended petition within thirty (30) days from the date of this order, the Court will recommend that case be dismissed for lack of prosecution.

IT IS SO ORDERED.

Dated: **May 24, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE